1
2
3
4
5
6
7      UNITED  STATES  DISTRICT  COURT
8              EASTERN DISTRICT OF CALIFORNIA
9

UNITED STATES OF AMERICA,        ) 1:06-CV-01259-OWW-SMS
                                 )
              Plaintiff,         ) FINDINGS AND RECOMMENDATIONS TO
                                 ) GRANT PLAINTIFF'S MOTION TO
      v.                         ) STRIKE CLAIMANT GUILLERMO GOVEA'S
                                 ) ANSWER (DOC. 26)
APPROXIMATELY $70,000.00 IN      )
U.S. CURRENCY, et al.,           )
                                 )
              Defendants.        )
                                 )
                                 )
_____)

    Plaintiffs are proceeding with a civil action for forfeiture
in rem in this Court. The matter has been referred to the
Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules
72-302(c)(3) and 72-303. Pending before the Court is Plaintiff's
motion, filed on June 25, 2007, to strike the answer to the
complaint filed by claimant Guillermo Govea on November 20, 2006.
The motion was accompanied by a memorandum of points and
authorities in support of Plaintiff's motion and the declarations
of Autumn Magee and Stephanie Hamilton Borchers, with exhibits;
it was served electronically on June 25, 2007, on Guadalupe
Gamino, who is listed as counsel for claimant on the docket. No
opposition has been filed by the claimant, who has not otherwise
responded to the motion.

1

By separate order, the Court has vacated the hearing on the motion, and the matter has been submitted to the Court for decision.

I. <u>Legal Standards</u>

Plaintiff moves to strike the answer pursuant to Fed. R. Civ. P. 12(f), which provides as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

A court may strike a document that does not conform to the formal requirements of the pertinent rules of court. <u>Transamerican Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa.</u>, 143 F.R.D. 189, 191 (N.D. Ill. 1992).

The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir.1983). Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 510 U.S. 517 (1994). Immaterial portions of a pleading that do not give fair notice of a claim or defense may be stricken by the Court sua sponte or upon motion. <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86-87 (2nd cir. 1995). Impertinent matter is defined as "statements that do

1  not pertain, and are not necessary, to the issues in question."
2  Fantasy, Inc. 984 F.2d at 1527. Granting a motion to strike may
3  be proper if it will make the trial less complicated or if
4  allegations being challenged are so unrelated to plaintiff's
5  claims as to be unworthy of any consideration as a defense and
6  that their presence in the pleading will be prejudicial to the
7  moving party. Id. Superfluous historical allegations are a proper
8  subject of a motion to strike. See, e.g., Healing v. Jones, 174
9  F.Supp. 211, 220 (D.Ariz.1959). Scandalous pleadings are those
10 that reflect cruelly upon the defendant's moral character, use
11 repulsive language, or detract from the dignity of the Court.
12 Skadegaard v. Farrell, 578 F.Supp. 1209, 1221 (D.C.N.J. 1984),
13 *overruled on other grounds by* Aitchison v. Raffiani, 708 F.2d 96
14 (3d Cir. 1983).

15     In this in rem action for forfeiture, both the general
16 Federal Rules of Civil Procedure and the Supplemental Rules for
17 Certain Admiralty and Maritime Claims (Supp. R.) apply, but the
18 latter rules prevail if there is an inconsistency. Supp. R. A(1).
19 Supp. R. G(1) provides that the rule governs a forfeiture action
20 in rem arising from a federal statute; to the extent that Rule G
21 does not address an issue, Supp. Rules C and E also apply.

22     Supp. R. G requires the claimant to file a claim and answer
23 as follows:

24     (5) Responsive Pleadings.

25     (a) Filing a Claim.

26     (i) A person who asserts an interest in the defendant
       property may contest the forfeiture by filing a claim
27     in the court where the action is pending. The claim must:

28         (A) identify the specific property claimed;

3

(B) identify the claimant and state the claimant's interest in the property;
(C) be signed by the claimant under penalty of perjury; and
(D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

(ii) Unless the court for good cause sets a different time, the claim must be filed:

(A) by the time stated in a direct notice sent under Rule G(4)(b);
(B) if notice was published but direct notice was not sent to the claimant or the claimant's attorney, no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site; or
(C) if notice was not published and direct notice was not sent to the claimant or the claimant's attorney:
(1) if the property was in the government's possession, custody, or control when the complaint was filed, no later than 60 days after the filing, not counting any time when the complaint was under seal or when the action was stayed before execution of a warrant issued under Rule G(3)(b); or
(2) if the property was not in the government's possession, custody, or control when the complaint was filed, no later than 60 days after the government complied with 18 U.S.C. § 985(c) as to real property, or 60 days after process was executed on the property under Rule G(3).

(iii) A claim filed by a person asserting an interest as a bailee must identify the bailor, and if filed on the bailor's behalf must state the authority to do so.

(b) Answer. A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 20 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

With respect to motions to strike, Supp. R. G(8)(c)(i)(A) provides:

(c) Motion To Strike a Claim or Answer.

(i) At any time before trial, the government may move to strike a claim or answer:

4

1            (A) for failing to comply with Rule G(5) or (6),
           or
2            (B) because the claimant lacks standing.

3    (ii) The motion:

4            (A) must be decided before any motion by the
           claimant to dismiss the action; and
5            (B) may be presented as a motion for judgment
           on the pleadings or as a motion to determine
6            after a hearing or by summary judgment whether
           the claimant can carry the burden of establishing
7            standing by a preponderance of the evidence.

8   II. <u>Analysis</u>

9      A. <u>Duty to Respond</u>

10     Plaintiff has established that in initiating and carrying

11 the action forward, Plaintiff gave the required notice in order

12 to cause the claimant's obligation to respond to arise.

13     On September 13, 2006, the complaint was filed alleging a

14 claim for civil forfeiture in rem of the Defendant currency,

15 which was seized on January 26, 2006, by the Drug Enforcement

16 Administration (DEA) after discovery by the Stanislaus County

17 Sheriff's Highway Interdiction Team, based on its having been

18 furnished or intended to be furnished in exchange for a

19 controlled substance, or being proceeds thereof, or being used or

20 intended to be used to facilitate a violation of the statutes

21 pertaining to controlled substances. (Cmplt. p. 2.) It was

22 alleged that the claimant was the driver of the vehicle in which

23 law enforcement found the funds; the claimant denied ownership of

24 the money, informed law enforcement officers that it belonged to

25 his employer, and agreed to sign, and signed, a disclaimer of

26 interest in the property on January 26, 2006. (Cmplt. p. 4.)

27     Arrest of the property occurred on September 18, 2006, and

28 complied with the requirements of Supp. R. 3(b) and (c). (Decl.

1  of marshal dated September 18, 2006 [Doc. 5].)

2       Notice of the action, containing all the contents required

3  by Supp. R. G(4) [description of the property, the time to file a

4  claim, name of the government attorney to be served with the

5  claim and answer], was published on September 26, and on October

6  3, 10, and 17, 2006, in the Modesto Bee, a newspaper of general

7  circulation; thus, the publication met the requirements of Supp.

8  R. G(4)(a) [once a week for three consecutive weeks].

9       Further, direct notice of the action was effectively given

10 to the claimant as a known potential claimant when in September

11 2006 the complaint, warrant and summons for arrest, application

12 and order for publication, and letter dated September 14, 2006,

13 were served on Plaintiff by first-class mail service on his

14 attorney, Guadalupe Gamino, who in turn acknowledged receipt of

15 the documents on September 18, 2006. (Decl. of Borchers, Ex. A,

16 letter and notice and acknowledgment of receipt.) The notice was

17 of a type permitted by Supp. R. G(4)(b). The warrant, summons,

18 and letter informed him that a verified claim had to be filed

19 with the Court within thirty days of receipt of the letter, and

20 an answer filed within twenty days of the filing of the claim.

21 (Id.) This notice reflected the requirements of 18 U.S.C. §

22 983(a)(4)(A) and (B), which require that when the government

23 files a judicial forfeiture complaint, a person claiming an

24 interest may file a claims pursuant to the Supplemental Rules not

25 later than 30 days after the date of service of the complaint or

26 after the date of final publication, and shall file an answer not

27 later than 20 days after the date of the filing of the claim. It

28 also complied with the requirements of Supp. R. G(4).

1   Within the initial period permitted for a response,
2   Plaintiff's counsel granted claimant an extension of time to file
3   a claim and answer until November 18, 2006. (Decl. of Borchers, ¶
4   3, Ex. B.) An answer was filed by attorney Gamino on behalf of
5   claimant on November 20, 2006. The answer referred to a verified
6   claim having been filed, denied the allegations of the complaint,
7   and prayed for relief. It was not verified, but was signed by the
8   claimant's counsel.

9   Plaintiff's counsel declares that no verified claim had been
10  filed and that this was mentioned to claimant's counsel at the
11  scheduling conference held March 9, 2007, where after counsel
12  claimed that such a claim had been filed, he was advised to check
13  the docket. (Borchers Decl. ¶¶ 5-6) The Court's review of its own
14  docket reveals that no claim was filed. Plaintiff's counsel
15  declares that on March 22, 2007, she sent a letter to attorney
16  Gamino, instructing claimant to filed a verified claim in
17  accordance with the rules. The letter was returned unclaimed.
18  (Decl. ¶ 6, Ex. C.) The letter informed Gamino of the need for a
19  claim and the government's intention to move to strike the answer
20  or take other appropriate action if no verified claim was filed
21  by April 15, 2007. Autumn Magee, a government paralegal assigned
22  to this forfeiture action, declares that on May 17, 2007, she was
23  contacted by Gamino, who was informed the government was trying
24  to mail the letter to the claimant as well; counsel stated that
25  it was his understanding that his office had sent the claim in as
26  requested, but eh would be in the office the following day and
27  would call Magee at that time. (Magee Decl. ¶3.) Counsel for
28  Plaintiff has not had any communication with Gamino or the

1  claimant since that time. (Borchers Dec. ¶ 9.)

2       Supp. R. G(8) expressly provides for a motion to strike a
3  claim or answer for failing to comply with Rule G(5), or because
4  the claimant lacks standing.

5       Granting a motion to strike an answer is appropriate for one
6  who does not file a claim in compliance with the pertinent rules.
7  United States v. $38, 570 U.S. Currency, 950 F.2d 1108, 1112-15
8  (5th Cir. 1992) (upholding the granting of a motion to strike
9  under former Supplemental Rules where the claimant had
10 constructive notice that the time for filing a claim had begun to
11 run, and he filed an answer and then an untimely claim); United
12 States v. $50,200.00 in U. S. Currency, 76 F.Supp.2d 1247 (D.Wyo.
13 1999) (granting a motion to strike an answer where the claimants
14 had failed to file a timely verified claim contrary to the
15 express requirements of the rules and where there were no
16 mitigating factors, good faith attempt to file a timely claim,
17 detrimental reliance on misinformation from a governmental agency
18 or expenditure of considerable resources in preparing the case
19 for trial). In the Ninth Circuit, several policies support the
20 requirement of strict compliance with the Supplemental Rules in
21 filing a claim, including the need to inform the Court that there
22 is a claimant to the property who wants it back and intends to
23 defend it, to avoid waste or unnecessary expenditure of judicial
24 resources, and to further the important interest in the finality
25 of judgments ultimately entered. See, United States v. Real
26 Property, 135 F.2d 1312, 1317 (9th Cir. 1998).

27      Here, the claimant was given repeated opportunities to file
28 a claim and was notified clearly of the government's intention to

1   move to strike the answer; however, the claimant did not file a
2   claim. Despite an attempt at service on the claimant's counsel
3   and repeated reminders, the claimant's counsel has not undertaken
4   any effort to file a claim. There has been no compliance with the
5   requirements of the governing Supplemental Rules. Further, it is
6   alleged and established that the claimant filed a notice of
7   disclaimer in the action.

8       One who does not file a verified claim pursuant to the
9   Supplemental Rules lacks standing in the forfeiture action.
10  United States v. Real Property, 135 F.2d 1312, 1316-1318 (9th Cir.
11  1998) (citing additional authority from the First, Fifth, Second,
12  and Eighth circuits). Accordingly, the answer is immaterial and
13  impertinent, and should be stricken.

14      III. Recommendation

15      Accordingly, it IS RECOMMENDED that

16      1) Plaintiff's motion to strike the answer of claimant
17  Guillermo Govea BE GRANTED, and

18      2) The Clerk BE DIRECTED to strike the answer filed on
19  November 20, 2006.

20      This report and recommendation is submitted to the United
21  States District Court Judge assigned to the case, pursuant to the
22  provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
23  Local Rules of Practice for the United States District Court,
24  Eastern District of California. Within thirty (30) days after
25  being served with a copy, any party may file written objections
26  with the Court and serve a copy on all parties. Such a document
27  should be captioned "Objections to Magistrate Judge's Findings
28  and Recommendations." Replies to the objections shall be served

and filed within ten (10) <u>court</u> days (plus three days if served
by mail) after service of the objections. The Court will then
review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
(b)(1)(C). The parties are advised that failure to file
objections within the specified time may waive the right to
appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    August 7, 2007**            **/s/ Sandra M. Snyder**
                                   UNITED STATES MAGISTRATE JUDGE