1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )   1:06-cv-1259-OWW-SMS
                                   )
12                   Plaintiff,    )   FINDINGS AND RECOMMENDATION RE:
                                   )   PLAINTIFF'S MOTION FOR DEFAULT
13  vs.                            )   JUDGMENT (Doc. 32)
                                   )
14  APPROXIMATELY $70,000.00 IN    )
    U.S. CURRENCY,                 )
15                                 )
                     Defendant.    )
16  _____)

17

18       Plaintiff is proceeding with a civil action in this Court.

19  Plaintiff is proceeding before a Magistrate Judge pursuant to 28

20  U.S.C. § 636(b) and Local Rule 72-302(c)(19). Pending before the

    Court is Plaintiff's ex parte application for default judgment,
21
    which was filed on December 21, 2007, and consisted of an
22
    application and memorandum.
23
         By separate order, the Court has vacated the hearing
24
    initially set on the motion, and the matter has been submitted
25
    for preparation of findings and recommendations and decision by
26
    the Court.
27
    ////
28

                                    1

I. <u>Background</u>

In the complaint filed on September 13, 2006, it is alleged that this Court has jurisdiction over this action to forfeit currency pursuant to 28 U.S.C. §§ 1345 and 1355 and 21 U.S.C. § 881. (Cmplt. at 1.) Section 881(a)(6) authorizes forfeiture of money or things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or all proceeds traceable to such an exchange, or money used or intended to be used to facilitate any violation concerning controlled substances.

II. <u>Default Judgment</u>

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, <u>Draper v. Coombs</u>, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, <u>Eitel v.</u>

1  McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of
2  plaintiff's substantive claim, id.; the sufficiency of the
3  allegations in the complaint to support judgment, Alan Neuman
4  Productions, Inc., 862 F.2d at 1392; the amount in controversy,
5  Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a
6  dispute concerning material facts, id.; whether the default was
7  due to excusable neglect, id.; and, the strong policy underlying
8  the Federal Rules of Civil Procedure that favors decisions on the
9  merits, id.

10     With respect to default judgments in proceedings that are in
11 rem actions for forfeiture, both the general Federal Rules of
12 Civil Procedure and the Supplemental Rules for Certain Admiralty
13 and Maritime Claims (Supp. R.) apply, but the latter rules
14 prevail if there is an inconsistency. Supp. R. A(1). Supp. R.
15 G(1) provides that the rule governs a forfeiture action in rem
16 arising from a federal statute; to the extent that Rule G does
17 not address an issue, Supp. Rules C and E also apply.

18          B. Notice

19     The complaint refers to four individuals in connection with
20 a stop, effected on January 26, 2006, of a Ford pickup in which
21 $70,000.00 in currency was found wrapped up in baby diapers and
22 concealed in the wheel well: the driver, Salvador Real-Diaz
23 (Diaz); Guillermo Pena Govea (Govea), the passenger; Jose E.
24 Marquez, the registered owner, according to Govea; and Ruben
25 Barajas, Govea's boss, and the person to whom Govea stated the
26 money belonged. (Cmplt. at 2-4.)

27     The provisions of Rule G(4) with respect to notice are as follows:
28     (4) Notice.

3

(a) Notice by Publication.

(i) When Publication Is Required. A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders. But notice need not be published if:
    (A) the defendant property is worth less than $1,000 and direct notice is sent under Rule G(4)(b) to every person the government can reasonably identify as a potential claimant; or
    (B) the court finds that the cost of publication exceeds the property's value and that other means of notice would satisfy due process.

(ii) Content of the Notice. Unless the court orders otherwise, the notice must:
    (A) describe the property with reasonable particularity;
    (B) state the times under Rule G(5) to file a claim and to answer; and
    (C) name the government attorney to be served with the claim and answer.

(iii) Frequency of Publication. Published notice must appear:
    (A) once a week for three consecutive weeks; or
    (B) only once if, before the action was filed, notice of nonjudicial forfeiture of the same property was published on an official internet government forfeiture site for at least 30 consecutive days, or in a newspaper of general circulation for three consecutive weeks in a district where publication is authorized under Rule G(4)(a)(iv).

(iv) Means of Publication. The government should select from the following options a means of publication reasonably calculated to notify potential claimants of the action:
    (A) if the property is in the United States, publication in a newspaper generally circulated in the district where the action is filed, where the property was seized, or where property that was not seized is located;
    (B) if the property is outside the United States, publication in a newspaper generally circulated in a district where the action is filed, in a newspaper generally circulated in the country where the property is located, or in legal notices published and generally circulated in the country where the property is located; or
    (C) instead of (A) or (B), posting a notice on an official internet government forfeiture site for at least 30 consecutive days.

(b) Notice to Known Potential Claimants.

(i) Direct Notice Required. The government must send
notice of the action and a copy of the complaint to any
person who reasonably appears to be a potential claimant
on the facts known to the government before the end of
the time for filing a claim under Rule G(5)(a)(ii)(B).

(ii) Content of the Notice. The notice must state:
    (A) the date when the notice is sent;
    (B) a deadline for filing a claim, at least 35
days after the notice is sent;
    (C) that an answer or a motion under Rule 12
must be filed no later than 20 days after filing
the claim; and
    (D) the name of the government attorney to be
served with the claim and answer.

(iii) Sending Notice.
    (A) The notice must be sent by means reasonably
calculated to reach the potential claimant.
    (B) Notice may be sent to the potential claimant
or to the attorney representing the potential claimant
with respect to the seizure of the property or
in a related investigation, administrative forfeiture
proceeding, or criminal case.
    (C) Notice sent to a potential claimant who is
incarcerated must be sent to the place of incarceration.
    (D) Notice to a person arrested in connection with
an offense giving rise to the forfeiture who is not
incarcerated when notice is sent may be sent to
the address that person last gave to the agency
that arrested or released the person.
    (E) Notice to a person from whom the property
was seized who is not incarcerated when notice is sent
may be sent to the last address that person gave to
the agency that seized the property.

(iv) When Notice Is Sent. Notice by the following means
is sent on the date when it is placed in the mail,
delivered to a commercial carrier, or sent by
electronic mail.
(v) Actual Notice. A potential claimant who had
actual notice of a forfeiture action may not oppose
or seek relief from forfeiture because of the government's
failure to send the required notice.

Supp. R. G(4).

Supplemental Rule G took effect in December 2006; in an

order dated April 12, 2006, the Supreme Court of the United

States adopted the amendment to the Supplemental Rules and stated

5

1 in pertinent part:

2     3. That the foregoing amendments to the Federal Rules
3 of Civil Procedure and the Supplemental Rules for
  Admiralty or Maritime Claims and Asset Forfeiture
4 Actions shall take effect on December 1, 2006, and
  shall govern in all proceedings thereafter commenced
5 and, insofar as just and practicable, all proceedings
  then pending.

6 (See, www.uscourts.gov/rules/Letters-Orders.pdf, Transmittal

7 Letters to Congress and Supreme Court Orders, Order of April 12,

8 2006.)

9     The complaint in this case was filed before the effective

10 date of the new supplemental rules. However, it appears that the

11 Court intended that the new rules apply to presently pending

12 cases if just and practicable. Although it is generally presumed

13 that a change in a substantive statute will not apply

14 retroactively, a procedural rule changed after the commencement

15 of a suit may generally be applied to the suit without raising

16 concerns about retroactivity because of diminished reliance

17 interests in matters of procedure and because rules of procedure

18 generally regulate secondary rather than primary conduct. The

19 application of a new rule of procedure ordinarily depends upon

20 the posture of the particular case. Landgraf v. USI Film

21 Products, 511 U.S. 244, 275 (1994).

22     Here, although the government's filing the suit and

23 publication preceded the effective date of Supplemental Rule G,

24 it does not appear that applying those rules, which the comment

25 reveals incorporate a commonsense approach to notice grounded in

26 defined and recognized principles of due process of law, would

27 affect any substantive right or obligation relating to the merits

28 of the case. Supp. Rule G, Adv. Comm. Note on 2006 Adoption. The

1  Advisory Committee Note indicates that the rule was added to
2  bring together the central procedures governing civil forfeiture
3  actions; it also states that the rule generally applies to
4  actions governed by the Civil Asset Forfeiture Reform Act of 2000
5  (CAFRA) as well as those excluded from it; thus, the intended
6  scope of application is very broad. The rule permits flexibility
7  as to the time of service of any warrant and supplemental
8  process. Id. The provisions for notice incorporate the
9  traditional means of publication and adopt the general principle
10 that notice should be effectuated by means reasonably calculated
11 to reach potential claimants at a cost reasonable in the
12 circumstances, and actual notice precludes a challenge to the
13 government's failure to comply with the specific requirements of
14 the rule set forth in Rule G (4)(b). Id.

15     Accordingly, the Court will apply Supplemental Rule G
16 because no injustice or impracticality would result.

17     The provisions of Supp. R. G(4) have been set forth. Local
18 Rule A-530 also requires publication.

19     Local Rule A-540(a) requires that a party seeking a default
20 judgment in an action in rem shall show to the satisfaction of
21 the Court that due notice of the action and arrest of the
22 property has been given by publication pursuant to Local Rule
23 A-530, and by personal service on the person having custody of
24 the property or on the person having custody prior to its
25 possession by a law enforcement agency or officer, and by
26 personal service or by certified mail, return receipt requested,
27 to every other person who has not appeared in the action and is
28 known to have an interest in the property; provided that failure

to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

The proof of publication filed on October 30, 2006, shows that the notice was published for four successive weeks in September and October 2006 in a newspaper of general circulation and with the contents required by Supp. R. G.

With respect to additional notice, the complaint alleges that Govea informed officers at the time of the traffic stop that he owned the vehicle but did not own the currency; Govea stated that he had received the currency from his boss, Ruben Barajas (Barajas), with instructions to take it to Mexico and purchase realty for Barajas. Govea admitted wrapping and concealing the currency in the tire jack compartment because of fear of theft upon arrival in Mexico. Govea signed a disclaimer of ownership of the currency on January 26, 2006.  The declaration of Borchers, Ex. A to the motion to strike answer, shows that on September 18, 2006, attorney Guadalupe Gamino, attorney for Govea, acknowledged receipt of the complaint and related documents (including the warrant and summons for arrest and order for publication) and accepted service on behalf of his client, Govea. (Doc. 26-3 p. 7.) This notice meets the requirements of Supp. R. G(4)(b) and, specifically, Supp. R. G(4)(b)(iii)(B).

As to Barajas, who is alleged to have stated to law enforcement that he was not the owner of the currency, Plaintiff has established by the declaration of the marshal (Doc. 13) as well as exhibit A to the declaration of Autumn Magee in support of request to clerk for entry of default against Ruben Barajas,

1  filed March 5, 2007, that Barajas was personally served with the

2  complaint and related documents on November 16, 2006.

3      With respect to Diaz, Plaintiff has established that Diaz

4  was personally served with the complaint and related documents on

5  October 10, 2006. (Decl. of Marshal, Doc. 9.)

6      The personal service effected upon these two persons

7  provided actual notice to them and was sufficient pursuant to

8  Fed. R. Civ. P. 4(e)(2).

9      With respect to Jose Marquez, the amended declaration of

10 Autumn Magee filed in support of request to clerk for entry of

11 default against Jose Marquez, and exhibit A thereto, reflect that

12 on or about September 14, 2006, the government sent copies of the

13 complaint and related documents to Marquez by certified mail; the

14 return receipt was signed and returned but not dated; the date of

15 the receipt by the government was on or about September 22, 2006.

16 The certification of the marshal (Doc. 8) reflects that the wife

17 of Marquez was served with the pertinent documents at the

18 residence alleged to have been Marquez's address on September 26,

19 2006. Thus, Marquez received actual notice of the action.

20     In summary, all four persons named in the complaint received

21 notice that complies with the requirements of Supp. R. G(4).

22              C. <u>Sufficiency of the Complaint</u>

23     A default generally bars the defaulting party from disputing

24 the facts alleged in the complaint, but the defaulting party may

25 argue that the facts as alleged do not state a claim. <u>Alan Neuman</u>

26 <u>Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392. Thus, well

27 pleaded factual allegations, except as to damages, are taken as

28 true; however, necessary facts not contained in the pleadings,

1 and claims which are legally insufficient, are not established by

2 default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261,

3 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v. Heidenthal, 826

4 F.2d 915, 917 (9th Cir. 1987).

5     Title 21 U.S.C. § 881(a)(6) provides for the forfeiture of

6 money or things of value furnished or intended to be furnished in

7 exchange for a controlled substance or listed chemical, or all

8 proceeds traceable to such an exchange, or money used or intended

9 to be used to facilitate any violation concerning controlled

10 substances.

11     Title 21 U.S.C. § 881(b) provides that any such property may

12 be seized by the Attorney General in the manner set forth in 18

13 U.S.C. § 981(b). Section 981(b) provides for seizure of the

14 property pursuant to a warrant. Here, a warrant issued on

15 September 27, 2006 (Doc. 6).

16     Further, the complaint alleges expressly that the Defendant

17 currency constituted money or other things of value furnished or

18 intended to be furnished in exchange for a controlled substance

19 or listed chemical, all proceeds traceable to such an exchange,

20 and all moneys, negotiable instruments, and securities used or

21 intended to be used to facilitate one or more violations of 21

22 U.S.C. § 841 et seq. (statutes defining offenses concerning

23 controlled substances). (Cmplt. ¶ 4.)

24     Accordingly, with respect to the Defendant currency, the

25 operative complaint reflects probable cause for the seizures, and

26 it is legally sufficient to state claims for forfeiture of

27 Defendant currency.

28 ///

D. <u>Propriety of Default Judgment</u>

The declarations submitted by Autumn Magee (Docs. 17-2, 18-2, 19-2, and 20) establish that Marquez, Diaz, and Barrajas did not file a claim or answer. Defaults were subsequently entered as to those potential claimants. As to Govea, the Court struck Govea's answer on September 19, 2007. Thereafter, default was entered against Govea on September 20, 2007.

The declarations of Magee as well as the declaration of Elisa M. Maguire in support of request to clerk for entry of default against Guillermo Govea (Doc. 27) all establish that none of the persons with an interest in the defendant properties or potential claimants is an infant, incompetent, or member of the armed services.

With respect to notice of the motion for default judgment, only Govea appeared in the action. The docket reflects that Govea's attorney, Guadalupe Gamino, was served with the motion electronically on September 21, 2007. Thus, Govea has received notice of this motion.

No one other than the claimants or potential claimants discussed above has claimed an interest in the property or otherwise responded to the complaint despite adequate notice. It is alleged that Diaz and Govea signed disclaimers of interest. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case. No just cause for delay appears. It is apparent from the declarations submitted to the Court that none of the potential claimants is an infant, incompetent, or member

1 of the armed services. There does not appear to be any reason why

2 the general policy in favor of a decision on the merits would

3 warrant refusing to enter the requested default judgment.

4    Accordingly, the Court finds that Plaintiff has shown its

5 entitlement to a default judgment of forfeiture with respect to

6 Defendant currency.

7    III. <u>Form of the Judgment</u>

8    With respect to the form of the judgment, Plaintiff has

9 established that it is entitled to a judgment not only against

10 claimants or potential claimants, but also against the property,

11 <u>Waterloo Distilling Corp. v. U.S.</u>, 282 U.S. 577, 581 (1931),

12 affecting the interests of all persons in the property, <u>Hanson v.</u>

13 <u>Denkla</u>, 357 U.S. 235, 246 n.12 (1958).

14                      <u>RECOMMENDATION</u>

15    Accordingly, it is hereby RECOMMENDED that:

16    1. Plaintiff's motion for default judgment be GRANTED;

17    2. Plaintiff is entitled to, and the Clerk be directed to

18 enter, a judgment that:

19        (a) The interest/s of Guillermo Govea, Salvador Real-

20 Diaz, Jose Marquez, and Ruben Barajas in Defendant approximately

21 $70,000.00 in U.S. currency are CONDEMNED and FORFEITED to the

22 United States of America; and

23        (b) The right, title, and interest of all potential

24 claimants in the Defendant approximately $70,000.00 in U.S.

25 currency, including but not limited to Guillermo Govea, Salvador

26 Real-Diaz, Jose Marquez, and Ruben Barajas, are FORFEITED to the

27 United States of America pursuant to 21 U.S.C. § 881(a)(6), and

28 are VESTED in the United States; and

1       (c) All persons claiming any right, title, or interest
2  in or to the Defendant currency, have DEFAULTED and no longer
3  have any right, title, or interest in the Defendant currency
4  whatsoever; and,

5       3. The Clerk of Court ENTER final judgment of forfeiture for
6  Plaintiff United States of America.

7       These findings and recommendation are submitted to the
8  United States District Judge assigned to the case, pursuant to
9  the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
10 the Local Rules of Practice for the United States District Court,
11 Eastern District of California. Within **thirty (30) days** after
12 being served with a copy, any party may file written objections
13 with the court and serve a copy on all parties. Such a document
14 should be captioned "Objections to Magistrate Judge's Findings
15 and Recommendation." Replies to the objections shall be served
16 and filed within ten (10) court days (plus three days if served
17 by mail) after service of the objections. The Court will then
18 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
19 (b)(1)(C). The parties are advised that failure to file
20 objections within the specified time may waive the right to
21 appeal the District Court's order. Martinez v. Ylst, 951 F.2d
22 1153 (9th Cir. 1991).

23 IT IS SO ORDERED.

24 **Dated:    October 11, 2007          /s/ Sandra M. Snyder         **
                                    UNITED STATES MAGISTRATE JUDGE
25

26

27

28